Kuldip TAKHAR, Plaintiff—Appellant,

v.

PRUDENTIAL INSURANCE COMPA-
NY OF AMERICA, the appropriate
named fiduciary of the XICOR Long
Term Disability Plan, XICOR Long
Term Disability Plan, Defendants—
Appellees.

No. 02–16816.
D.C. No. CV–01–20645–RMW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2003.

Decided Jan. 13, 2004.

Mark H. Lipton, Lipton, Warnlof, Hall-
bauer & Sumnick, Roseville, CA, for Plain-
tiff–Appellant.

Vivian A. Alberts, Ronald K. Alberts,
Berger Kahn, A Law Corporation, Marina
Del Rey, CA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge,
D.W. NELSON, and RYMER, Circuit
Judges.

**604**

MEMORANDUM *

Kuldip Takhar appeals the summary judgment in favor of Prudential Insurance Company of America in his action for declaratory relief pursuant to Section 1132 of the Employee Retirement Income Security Act of 1974 (ERISA). He argues that the terms of the XICOR, Inc. 1995 Plan document control instead of the 1990 document. We agree with the district court that this case turns on the Group Insurance Contract's provision that an amendment will not affect a claim incurred before the date of change, and affirm.

■ Takhar argues that the language relied upon by Prudential to defeat his claim is in a document that was never provided to him. However, under ERISA, the summary plan description must be furnished to each participant, 29 U.S.C. §§ 1021(a)(1), 1022(a), and *all* plan documents, including the Group Insurance Contract, must be available for examination by plan participants, *id.* at § 1024(b)(2). Takhar does not contend that Prudential failed to comply with this requirement or that he was unable to obtain a copy of the Group Insurance Contract. Accordingly, there is no basis for his contention that California law precludes application of the amendment provisions of the Group Insurance Contract.

■ Prudential and XICOR agreed in the Group Insurance Contract that Prudential would pay benefits described in the Group Insurance Certificates, subject to the terms of the Group Insurance Contract. The Group Insurance Certificates, or Summary Plan Descriptions (SPD), are part of the Group Insurance Contract. That contract provides that it may be amended without the employees' consent but that amendments will not affect a claim incurred before the date of change. This provision was in effect under both the 1990 and 1995 SPDs and was referred to by each. Therefore, there is no conflict between the plans. *Cf. Bergt v. Retirement Plan for Pilots Employed by Markair, Inc.*, 293 F.3d 1139, 1145 (9th Cir. 2002) (holding that in case of conflict, the document with more favorable terms to the participant controls). The amendment provision applies before and after the 1995 amendments, no matter when Takhar's claim accrues for purposes of the statute of limitations or whether Prudential can be deemed to have denied benefits for purposes of this declaratory relief action. For these reasons, Takhar's reasonable expectations cannot have been defeated. *See, e.g., Saltarelli v. Bob Baker Group Med. Trust*, 35 F.3d 382, 387 (9th Cir.1994) (adopting "reasonable expectations" standard for ERISA-governed contracts).

Takhar did not adduce evidence sufficient to estop Prudential from asserting that the 1990 Plan governs. Takhar's inquiring about, or Prudential's continuing to pay benefits during, a "trip" is different from doing so for a "move." In any event, the Plan provision that amendments will not affect a claim incurred before the amendment is clear and unambiguous. In these circumstances, as the district court held, Takhar cannot meet all the elements necessary to establish equitable estoppel. *See Spink v. Lockheed Corp.*, 125 F.3d 1257, 1262 (9th Cir.1997) (identifying elements).

AFFIRMED.

D.W. NELSON, Senior Circuit Judge, dissenting.

I respectfully dissent. I agree with the majority's dismissal of Takhar's argu-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ments based on reasonable expectations and equitable estoppel. However, I disagree with the majority's analysis of ERISA's requirements regarding the group certificate issued to Takhar, which is the equivalent of a summary plan description (SPD). ERISA requires that in SPDs, "Any description of exception, limitations, reductions, and other restrictions of plan benefits shall not be minimized, rendered obscure or otherwise made to appear unimportant." 29 C.F.R. § 2520.102–2(b). The amendment provision in the group contract had the effect of being an exception or limitation on Takhar's coverage that was not made apparent in the terms of his SPD. Accordingly, I would find that under ERISA, Prudential was bound by the terms of the SPD it issued him in 1995.